[No. A074727. First Dist., Div. Three. Aug. 19, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
DARIN MERCELL SHERMAN, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II B.

## COUNSEL

Kieran D. C. Manjarrez, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, and Margo J. Yu, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**PARRILLI, J.**—A jury convicted appellant Darin Mercell Sherman of selling cocaine base (Health & Saf. Code, § 11352) and he admitted a prior conviction for selling cocaine base (Health & Saf. Code, § 11370.2, subd. (a)). The court sentenced appellant to a total term of six years in prison.[1]

On appeal, appellant contends the evidence does not support what he claims is an essential element of his conviction for selling cocaine base: namely, that the cocaine base he sold was capable of "having a stimulant

[1]The court sentenced appellant to the lower term of three years for the sale of cocaine base and enhanced this term by three years for the prior conviction for selling cocaine base. (Health & Saf. Code, § 11370.2, subd. (a).)

effect on the central nervous system." (Health & Saf. Code, § 11054, subd. (f)(1).) In addition, appellant contends the trial court prejudicially erred when it admitted evidence of a prior instance in which defendant sold base cocaine. The trial court admitted evidence of this prior offense to prove a common design or plan in the present offense. We affirm.

I

FACTS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

II

DISCUSSION

A.  *The Prosecution Was Not Required to Prove the Cocaine Base Sold Was Capable of "Having a Stimulant Effect on the Central Nervous System."*

■   Appellant contends an essential element of a charge of selling base cocaine is that the base cocaine sold must be capable of "having a stimulant effect on the central nervous system." Appellant further contends the prosecution offered no evidence on this element and, consequently, his conviction must fall. We disagree. As we explain, appellant has misconstrued the applicable statutes.

Health and Safety Code section 11352, subdivision (a) provides in pertinent part: "Except as otherwise provided in this division, every person who . . . sells . . . (1) any controlled substance specified in . . . paragraph (1) of subdivision (f) of Section 11054 . . . shall be punished by imprisonment in the state prison for three, four, or five years." Health and Safety Code section 11054 provides in pertinent part: "(a) The controlled substances listed in this section are included in Schedule I. . . . [¶] . . . [¶] (f) Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances *having a stimulant effect on the central nervous system,* including its isomers: [¶] (1) Cocaine base. [¶] (2) Fenethylline, including its salts. [¶] (3) N-Ethylamphetamine, including its salts." (Italics added.)

Appellant contends the italicized language creates an element of any offense involving cocaine base. That is, in all offenses involving cocaine

---

*See footnote, *ante*, page 102.

base, appellant believes the prosecution must in fact establish the cocaine base at issue is capable of having a stimulant effect on the central nervous system.

The People, on the other hand, maintain that the italicized language is merely descriptive, not restrictive. That is, the phrase "having a stimulant effect on the central nervous system" merely describes the kind of substances which are listed in Health and Safety Code section 11054, subdivision (f). We conclude the People are correct on this issue.

As Witkin explains: In general, "[t]he Uniform [Controlled Substances] Act classifies controlled substances into five schedules, with those drugs with the most potential for abuse in Schedule I and those with the least potential in Schedule V. . . . [¶] . . . A controlled substance is placed in Schedule I if (1) it has a 'high potential for abuse'; and (2) it has 'no accepted medical use in treatment in the United States or lacks accepted safety for use in treatment under medical supervision.' (Act § 203.) [¶] Schedule I (Health & Saf.C. 11054) includes substances in the following categories: opiates; opiate derivatives, including heroin; hallucinogenic substances, including lysergic acid diethylamide (LSD), marijuana, mescaline, peyote, psilocybin, psilocyn, and certain analogs of phencyclidine (PCP); the depressants mecloqualone and methaqualone, *and specified stimulants*, including cocaine base." (2 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Crimes Against Public Peace and Welfare, § 976, pp. 1106, italics added.)

Thus, Health and Safety Code section 11054 lists schedule I drugs in five explicit categories: subdivision (b) lists "Opiates," subdivision (c) lists "Opium derivatives," subdivision (d) lists "Hallucinogenic substances," subdivision (e) lists "Depressants" (which it further defines as "any quantity of the following substances having a depressant effect on the central nervous system"), and subdivision (f) lists substances "having a stimulant effect on the central nervous system."

Thus, read in the full context of Health and Safety Code section 11054, it is clear the phrase "having a stimulant effect on the central nervous system" is meant to be descriptive, not restrictive. That is, the phrase merely describes the drugs listed in subdivision (f)—it does not require the People to prove in each prosecution that the specific substance at issue has an actual stimulant effect on the central nervous system.

Moreover, the Supreme Court's analysis in *People* v. *Rubacalba* (1993) 6 Cal.4th 62 [23 Cal.Rptr.2d 628, 859 P.2d 708] also undercuts appellant's

argument. In *Rubacalba*, the high court held that although the prosecution must prove the defendant possessed or sold a useable quantity of a controlled substance (in that case rock cocaine), this does not mean the prosecution must prove "any particular purity or potential narcotic effect." (*Id.*, at pp. 64-66.) Although the Supreme Court did not consider the precise argument appellant presents here, the broad language in *Rubacalba* undermines appellant's argument and supports our rejection of it. (*Id.* at pp. 63-66 ["There is no requirement that any particular purity or potential narcotic effect be proven." "No particular purity or narcotic effect need be proven."].)

Appellant's first contention is meritless.

B. *The Court Properly Admitted Evidence of Appellant's Prior Narcotics Sales to Show Common Design or Plan.** 

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III

### DISPOSITION

The judgment is affirmed.

Corrigan, Acting P. J., and Walker, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 10, 1997.

---

*See footnote, *ante*, page 102.